UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

ROBERT SHAUGHNESSY,

    Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

    Defendant.
_____/

# COMPLAINT AND REQUEST FOR ADVISORY JURY

Plaintiff sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, ROBERT SHAUGHNESSY, is a citizen of Florida.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

   a. Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious... example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

   f. Issued a cruise line ticket to the Plaintiff that requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Fantasy*.

9. At all times material hereto, Defendant had exclusive custody and control of the *Fantasy*.

10. On or about May 27, 2022, the Plaintiff was a paying passenger aboard the *Fantasy*, which at all times material was in navigable waters.

11. On or about May 27, 2022, the Plaintiff was walking in an inside area near a food area.

12. On or about May 27, 2022, the Plaintiff was exiting the restroom when he slipped and fell on an unreasonable slippery substance on the flooring surface that had just been cleaned by a crewmember and lacked any discernable warning or sign in the direct area of his fall and, as a result, sustained severe injuries to his head, neck and back.

13. The slipping hazard was not open and obvious. The Plaintiff had no way of knowing the existence of the hazardous condition and there was nothing the Plaintiff could have done to have prevented his incident.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

15. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are reasonably expected to be.

16. On or about May 27, 2022, Plaintiff was in an inside area, which is a place that Defendant reasonably expected Plaintiff to be in during the cruise.

17. On or about May 27, 2022, Defendant through its crew, agents, employees, staff or representatives breached its duty to warn Plaintiff in one or more of the following ways:

   a. Failure to adequately warn the Plaintiff of the dangers posed by the flooring surface; and/or

   b. Failure to adequately warn the Plaintiff of the existence of slip-and-fall/hazardous conditions on the flooring surface; and/or

   c. Failure to adequately warn passengers and Plaintiff of other fall accidents previously occurring on the same and or similar flooring surface(s); and/or

   d. Failure to adequately warn the Plaintiff of other slip-and-fall accidents previously occurring in the same or similar manner as the Plaintiff's incident; and/or

   e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the flooring surface.

18. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant adequately warned the foregoing to the Plaintiff.

19. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not warn about them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## COUNT II – NEGLIGENT MAINTENANCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

21. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the non-delegable duty of Defendant to maintain its decks and walkways in a reasonably safe condition.

23. On or about May 27, 2022, Defendant through its crew, agents, employees, staff or representatives, who were acting in the course and scope of their employment or agency with the Defendant, breached its duty in one or more of the following ways:

    a. Failure to maintain the subject area free of slip-and-fall hazards; and/or

    b. Failure to maintain the subject flooring surface free of slip-and-fall hazards; and/or

    c. Failure to adequately inspect the area where Plaintiff's incident occurred for slipping hazards; and/or

    d. Failure to adequately, timely, and regularly inspect and maintain the subject flooring surface in a reasonably safe condition, including, but not limited to, in a clean and dry condition and free of slip-and-fall hazards; and/or

    e. Failure to adequately, timely, and regularly inspect and maintain the subject flooring surface in a reasonably safe condition, including, but not limited to,

in a manner that was safe for passengers to traverse and/or hazardous; and/or

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of slip-and-fall hazards; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject flooring surface in a reasonably safe condition.

24. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and maintain the subject area.

25. At all times material hereto, the subject area was not adequately maintained or inspected so that passengers, including the Plaintiff, could use it in a reasonably safe manner, thereby creating a dangerous and hazardous condition.

26. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not adequately maintain the subject area. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise

of reasonable care under the circumstances, should have learned of them and adequately maintained the subject area.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

**COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

28. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. At all times material, Defendant through its crew, agents, employees, staff or representatives, who were acting in the course and scope of their employment or agency with the Defendant, breached the duty of care owed to the Plaintiff in one or more of the following ways:

    a. Failure to provide and/or utilize a reasonably safe walkway and walking/flooring surface in light of the anticipated use of the subject area; and/or

    b. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to fall; and/or

    c. Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

    d. Failure to correct hazardous conditions following prior slip-and-fall incidents on the same or similar decks, and/or type of flooring surface; and/or

    e. Failure to analyze prior slip-and-fall accidents in similar areas aboard Defendant's vessels so as to remedy hazardous conditions; and/or

    f. Failure to incorporate applicable standards, including the ASTM and/or the Americans with Disabilities Act (ADA), to areas open to passengers like the Plaintiff; and/or

    g. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

30. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

31. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not establish a reasonably safe walkway.

Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning, inspection, and supervision of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and eliminated the hazardous conditions.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Dated: May 4, 2023.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd.,

        Suite 1480
        Coral Gables, FL 33134
        Telephone No.: (305) 373-3016
        Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    mwinkleman@lipcon.com
    **MARC E. WEINER**
    Florida Bar No. 91699
    mweiner@lipcon.com
    **STEFANIE A. BLACK**
    Florida Bar No. 111903
    sblack@lipcon.com